Ali Golchin, Esq.  CBN 208293
Golchin & Associates, APC
1251 Third Avenue, Suite 203
Chula Vista, California 91911
(619) 325-7555
Facsimile: (619) 270-9820
Golchinlaw@yahoo.com

Attorneys for Petitioner/Plaintiff,
Danny Marrou

FILED

2008 JUN 24  AM 9: 55

CLERK, US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____KNIX_____DEPUTY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Danny Marrou<br><br>Petitioner/Plaintiff<br><br>v.<br><br>MICHEAL B. MULKASEY, Attorney General of the United States,<br>MICHAEL CHERTOFF, Secretary of the Department of Homeland Security;<br>EMILIO T. GONZALEZ, Director of the United States Citizenship and Immigration Services;<br>ALFONSO AGUILAR, Chief of Citizenship United States Citizenship and Immigration Services; PAUL M. PIERRE,<br>District Director of the United States Citizenship And Immigration Services, San Diego, California<br>ROBERT S. MUELLER III, Director of the Federal Bureau of Investigation<br><br>Respondents/Defendants | Case No. **'08 CV 1119 BTM RBB**<br>A# 45-926-843<br><br><br><br><br><br>**COMPLAINT FOR MANDAMUS** |

TO THE HONORABLE JUDGE OF SAID COURT:

Petitioner/Plaintiff. Danny Marrou, through his attorney, Ali Golchin, states as follows:

1. In 2007, Plaintiff was forced to seek the assistance of this court via a Mandamus complaint when his naturalization security name checks were delayed. ( 06CV2703). After the filing of the Mandamus action, his Federal Bureau of Investigation (FBI) security name checks were expedited and cleared. He became a naturalized citizen on February 22, 2007.

2. In June 2007, plaintiff applied for an immigrant visa petition (I-130 ) to immigrate his wife. However, the USCIS again has asked the FBI to conduct a security name check on the Plaintiff. His second name checks have been pending for one year. Based on USCIS web site this case is now six months overdue because of his second security checks.

3. This complaint is brought pursuant to 28 U.S.C. §§1331 and 1361 to redress the deprivation of rights, privileges and immunities secured to Plaintiff, by which statues jurisdiction is conferred, and to compel Defendants to perform a duty Defendants owe to plaintiff. Jurisdiction is also conferred by 5 U.S.C. §§702 and 704.

## II. PARTIES

4. PLAINTIFF is a Naturalized United States citizen and is simply applying to immigrate his wife. He resides in San Diego County, California.

5. DEFENDANT, MICHEAL B. MULKASEY, is the Attorney General of the United States. Pursuant to 8 U.S.C. §1103(a), he is charged with the overall responsibility for the administration and enforcement of the Immigration and Nationality Act, including a timely adjudication of rights and benefits extended by statute. He is also in charge the agency that overseas the work of the Federal Bureau of Investigation, in charge of conducting this name

checks. He is sued in his official capacity.

6. DEFENDANT, MICHAEL CHERTOFF, is the Secretary of the Department of Homeland Security (DHS) and is responsible for the administration of the immigration laws. He is sued in his official capacity.

7. DEFENDANT, Dr. EMILIO T. GONZALEZ, is the Director of the United States Citizenship and Immigration Services ("USCIS"). He is responsible for administration of immigration laws throughout the United States. He is sued in his official capacity.

8. DEFENDANT, ALFONSO AGUILAR, is the Chief of Citizenship for the United States Citizenship and Immigration Services. He is sued in his official capacity.

9. DEFANDANT, PAUL M. PIERRE, is the District Director of the USCIS in San Diego, California. He has jurisdiction to adjudicate Petitioner's immigrant visa application and is sued in his official capacity.

10. DEFENDANT ROBERT S. MUELLER III, is the Director of the Federal Bureau of Investigations. He is sued in his official capacity.

### III. VENUE

11. Venue lies in the District Court for the Southern California District of California, the district where Petitioner, PLAINTIFF, resides and where he filed an I-130 immigrant visa petition that has been unreasonably delayed because of pending security checks.

### IV. FACTS

12. Plaintiff is a Chaldean Roman Catholic Christian and was born on January 8, 1973 in Batinaya, Iraq. He was admitted as a refugee and later became a Legal Permanent Resident of the United States on November 4, 1998.

13. On December 18, 2006, Plaintiff was forced to file a mandamus complaint in this court after USCIS and FBI delayed his naturalization application name checks. ( Case No. 06cv2703) . Subsequent to the filing of the complaint, FBI cleared the plaintiff and on February 22, 2007, Plaintiff became a naturalized United States citizen.

14. On June 19, 2007, Plaintiff filed an I-130 immigrant visa petition with the USCIS, to immigrate his wife. He has no criminal records here or abroad. He is statutorily eligible as a United States citizen to immigrate his wife as his immediate relative.

15. However, USCIS again requested the FBI to conduct yet a second name checks on the petitioning U.S. citizen plaintiff, this time as a result of the immigrant visa petition he filed for his wife. His wife will go through her own security name checks once she attends her interview at an U.S. Consulate overseas.

16. USCIS and FBI have delayed the adjudication of this petition for six months to conduct Plaintiff's second name checks.

17. Plaintiff has made several inquiries directly and via the office of his member of congress. Each time he has been told that he must wait for his name checks to clear.

18. USCIS has provided no explanation as to why the Plaintiff requires two identical name checks only a few months apart.

19. The San Diego USCIS reports that it is currently adjudicating the petitions filed on December 18, 2007. Plaintiff filed his petition on June 11, 2007. Thus, security name checks have delayed the approval of his petition by six month.

20. Petitioner has sent at least three inquiries to USCIS. One additional inquiry was made by United States Congressional Representative Duncan Hunter. Each time he has received a

response stating, "the processing of this case has been delayed as USCIS is currently awaiting the result of required security checks. These background checks are required of all who apply for the immigration benefit you are (your client is seeking)."

## V. LEGAL ARGUMENT

21. The Respondents, in violation of the Administrative Procedures Act (5 U.S.C. §701 *et seq.*) are willfully or unreasonably refusing to take action. It is their duty to adjudicate Petitioner's immigrant visa petition and to compel Federal agencies to complete the security checks.

22. Petitioner has been deprived of the peace of mind to which he is entitled under the Immigration and Nationality Act and Administrative Procedures Act. Furthermore, Petitioner has suffered from stress and anxiety for not being able to immigrate his Chaldean Christian wife from the Chaotic and violent Iraq.

23. Respondents owe Petitioner the duty to accept his pending application and have unreasonably failed to perform that duty. Respondents have failed to provide legal authority as to why they are unreasonably delaying his petition yet for a second name checks only a few months after he was declared cleared from his first name checks.

24. Petitioner has exhausted his administrative remedies. Defendant's failure to act on Petitioner's application is arbitrary and not in accordance with the law.

25. Defendants-Respondents (referred to collectively as Defendants) are officers of CIS, the Federal Bureau of Investigation ("FBI") and the Attorney General of the United States and are responsible for the immigrant visa process, including the FBI name check, which CIS requires for immigrant visa despite the absence of any promulgated rule or regulation requiring it.

26. Defendants' rationale for the unreasonable delays -that the delays are required to complete

"FBI name checks" -highlights an independent violation of the Administrative Procedures Act: Defendants' failure to follow the notice and comment requirements of 5 U.S.c. § 553. CIS has promulgated no regulations concerning a "name check," but nonetheless has imposed the FBI name check as a requirement for five years -without any deadlines for completion of the checks. In contrast, immigration regulations do provide for criminal records checks based on Plaintiff's fingerprints and biographical data. 8 U.S.C. § 335.2(b). Plaintiff has passed those specific background checks. Because Defendants' addition of the FBI name check constituted a substantive rule and causes undue burden and prejudice to Plaintiff, the public should have been provided notice and an opportunity to comment prior to its implementation.

27. The CIS Ombudsman has questioned the name check process. On June 11, 2007, the Ombudsman issued his 2007 Annual Report, which singled out name checks as a significant problem, stating, "FBI name checks, one of the security screening tools used by USCIS, continue to significantly delay adjudication of immigration benefits for many customers, hinder backlog reduction efforts, and may not achieve their intended national security objectives. FBI name checks may be the single biggest obstacle to the timely and efficient delivery of immigration benefits, and the problem of long-pending FBI name check cases worsened during the reporting period."

28. The Ombudsman further noted, "Unlike FBI name checks, other types of background and security checks -e.g., fingerprint checks, the Interagency Border Inspection Systems name checks (IBIS), and the Automated Biometric Identification System (IDENT) checks -return results within a few days, if not a few minutes. These law enforcement and watch list checks do not significantly prolong USCIS processing times or contribute to the USCIS backlog."

29. This CIS Ombudsman reports that FBI name checks cover not only a "principal subject of an investigation," but also any "person referenced in a file," such as a crime victim, witness, or other person innocent of any wrongdoing. "Name checks are not conducted by the FBI as part of ongoing investigations or from a need to learn more about an individual because of any threat or risk perceived by the FBI."

30. According to the Ombudsman, "Completion of the name check process may take considerable time because manual reviews of FBI files are sometimes required. This review may include FBI reporting on fragments of names of people who are not necessarily central or directly related to an investigation or law enforcement matter.... The delay caused by the FBI name check has substantial consequences to applicants and their families, as well as to our country and the economy."

31. The 2007 Annual Report further states, "The Ombudsman agrees with the assessment of many case workers and supervisors at USCIS field offices and service centers that the FBI name check process has limited value to public safety or national security, especially because in almost every case the applicant is in the United States during the name check process, living or working without restriction.... USCIS maintains that the name check process is of value, but it remains unclear whether the process has added any additional value over the security processes already in place."

32. The Ombudsman recommends, "Considering the protection the FBI name check provides, the cost of government resources used, and mental and actual hardships to applicants and their families, USCIS should reassess the continuation of its policy to require FBI name checks in their current form." This is especially true in this case where the Plaintiff is been forced

to be a subject of two identical security checks a few months apart. This system is a failure because it appears in this electronic age, the name check system is unable to remember the checks it conducts and recall it within a few months to prevent duplicate and unnecessary checks of persons like the Plaintiff.

33. Plaintiff is a U.S. citizen seeking to immigrate his wife. A repeat of security name checks serves neither national security nor administrative efficiency. In fact it appears absolutely illogical to check the same person twice within a few months simply because that person has filed another application. 1 The Plaintiff has been stymied in his efforts by the unreasonable and extraordinary delay of the Defendants.

34. Defendants' failure to abide by the law is inconsistent with properly promulgated regulations and with the statutes passed by Congress.

35. Plaintiff asks the Court to declare that the Defendants are violating the due process rights of the Plaintiff, as well as the Administrative Procedures Act and the immigration laws and regulations, in failing to complete all background checks necessary for adjudication of Plaintiff's immigrant visa applications within a reasonable time.

36. In addition, Defendant officers of both CIS and the Federal Bureau of Investigation ("FBI") have engaged in unreasonable and extraordinary delay in adjudicating Plaintiff's immigrant visa application, in violation of the Administrative Procedures Act,. 5 U.S.C. §§ 555, 706, and the Due Process Clause.

---

1 . Plaintiff became a subject of name checks when he filed his N-400 naturalization in 2004. He was cleared before his naturalization ceremony prior to February 22, 2007. He filed an I-130 immigrant visa petition in June 2007 which according to USCIS requires the repeat of the security checks.

WHEREFORE, Petitioner prays that the Court:

1. Compel Defendant's and those acting under them to perform their duty to fully adjudicate and approve Petitioner's I-130 application.

2. Grant such other and further relief this court deems proper under the circumstances; and Grant attorney's fees and costs of court under Equal Access to Justice Act (EAJA).  5 U.S.C §504; 28 U.S.C. §2412.

Dated: 6/24/08

Ali Golchin, Attorney for
Petitioner /Plaintiff

| RECEIPT NUMBER<br>WAC-07-194-50122 | | CASE TYPE   I130   IMMIGRANT PETITION FOR RELATIVE,<br>FIANCE(E), OR ORPHAN |
|---|---|---|
| RECEIVED DATE<br>June 11, 2007 | PRIORITY DATE | PETITIONER   A045 926 843<br>MARROU, DANNY |
| NOTICE DATE<br>June 19, 2007 | PAGE<br>1 of 1 | BENEFICIARY<br>BUTTRUS, RASHA N. |

ALI GOLCHIN ESQ
GOLCHIN & ASSO
RE: DANNY MARROU
1251 THIRD AVE STE 203
CHULA VISTA CA 91911

Notice Type:  Receipt Notice

Amount received: $ 190.00

Section: Husband or wife of U.S.
           Citizen, 201(b) INA

**Receipt Notice** - This notice confirms that USCIS received your application or petition ("this case") as shown above. If any of the above information is incorrect, please immediately call 800-375-5283 to let us know. This will help avoid future problems.

This notice does not grant any immigration status or benefit. It is not even evidence that this case is still pending. It only shows that the application or petition was filed on the date shown.

**Processing time** - Processing times vary by kind of case. You can check our website at www.uscis.gov for our current "processing times" for this kind of case at the particular office to which this case is or becomes assigned. On our websites "case status online" page, you can also view status or sign up to receive free e-mail updates as we complete key processing steps on this case. During most of the time this case is pending, however, our systems will show only that the case has been received, and the processing status will not have changed, because we will be working on other cases that were filed earlier than this one. We will notify you by mail, and show in our systems, when we make a decision on this case or if we need something from you. If you do not receive an initial decision or update from us within our current processing time, check our website or call 800-375-5283. Please save this notice, and any other notice we send you about this case, and please make and keep a copy of any papers you send us by any means, along with any proof of delivery to us. Please have all these papers with you if you contact us about this case.

**If this case is an I-130 Petition** - Filing and approval of a Form I-130, Petition for Alien Relative, is only the first step in helping a relative immigrate to the United States. The beneficiaries of a petition must wait until a visa number is available before they can take the next step to apply for an immigrant visa or adjustment of status to lawful permanent residence. To best allocate resources, USCIS may wait to process forms I-130 until closer to the time when a visa number will become available, which may be years after the petition was filed. Nevertheless, USCIS processes forms I-130 in time not to delay relatives ability to take the next step toward permanent residence once a visa number does become available. If, before final action on the petition, you decide to withdraw your petition, your family relationship with the beneficiary ends, or you become a U.S. citizen, call 800-375-5283.

**Applications requiring biometrics** - In some types of cases USCIS requires biometrics. In such cases, USCIS will send you a SEPARATE appointment notice with a specific date, time and place for you to go to a USCIS Application Support Center (ASC) for biometrics processing. You must WAIT for that separate appointment notice and take it (NOT this receipt notice) to your ASC appointment along with your photo identification. Acceptable kinds of photo identification are: a passport or national photo identification issued by your country, a drivers license, a military photo identification, or a state-issued photo identification card. If you receive more than one ASC appointment notice, even for different cases, take them both to the first appointment.

**If your address changes** - If your mailing address changes while your case is pending, call 800-375-5283 or use the "Online Change of Address" function on our website. Otherwise, you might not receive notice of our action on this case.

Please see the additional information on the back. You will be notified separately about any other cases you filed.
U.S. CITIZENSHIP & IMMIGRATION SVC
CALIFORNIA SERVICE CENTER
P. O. BOX 30111
LAGUNA NIGUEL CA 92607-0111
Customer Service Telephone: (800) 375-5283



Form I-797C (Rev. 01/31/05) N

Ali Golchin, CBN 208293
Golchin and Associates, APC
1251 Third Ave. Suite 203
Chula Vista, CA 91911
golchinlaw@yahoo.com
(619)827-8777 voice
(619)270-9820 fax

Attorneys for Plaintiff

FILED
2008 JUN 24 AM 9: 56
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____ YNH _____DEPUTY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

08 CV 1119 BTM RBB

Danny Marrou,
               Plaintiff,
   v.

Michael B. Mulkasey, Attorney General of the United States, et al.,
               Defendants.

Case No.:
INS No. A45-926-843
CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED THAT:

    I, the undersigned, am a citizen of the United States and am at least eighteen years of age. My business address is 1251 Third Ave, Suite 203 Chula Vista, CA 91911.

    I am not a party to the above-entitled action. I have caused service of:
        1) COMPLAINTS FOR MANDAMUS AND SUMMONS (with attached exhibits)
To:

Karen P. Hewitt, U.S. Attorney
880 Front St. Rm 6293
San Diego, CA 92101-8893

the last known address, at which the place there is delivery service of mail from the United States Postal Service.

    I declare under penalty of perjury that the foregoing is true and correct.

    Executed on June 24, 2008

    _____
    Ali Golchin

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Danny Marrou

**(b)** County of Residence of First Listed Plaintiff: San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Ali Golchin

## DEFENDANTS
Michael B. Mulkasey, Attorney General of the United States, et al.

County of Residence of First Listed Defendant: San Diego, U.S. Govern.
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

'08 CV 1119 BTM RBB

Attorneys (If Known)
Karen P. Hewitt, U.S. Attorney

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | PERSONAL PROPERTY | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | IMMIGRATION | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☒ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
5 USC § 702

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 06/24/2008
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # 15220  AMOUNT $350.00  APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

MB 06/24/08



```
        UNITED STATES
       DISTRICT COURT
    SOUTHERN DISTRICT OF CALIFORNIA
         SAN DIEGO DIVISION

       # 152205    - MB
       * * C O P Y * *
         June 24, 2008
            10:00:13


         Civ Fil Non-Pris
   USAO #.: 08CV1119 CIVIL FILING
   Judge..: BARRY T MOSKOWITZ
   Amount.:              $350.00 CK
   Check#.: BC6020


           Photocopies
   USAO #.: COPIES
   Qty....:    6 @ $0.50
   Amount.:                $3.00 CK
   Check#.: BC6020



      Total-> $353.00


   FROM: DANNY MARROU VS
         MICHAEL B MULKASEY, ET AL
```